1    **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Joseph Palmisano,                    No. CV-16-03026-PHX-JAT

10                 Plaintiff,             **ORDER**

11   v.

12   JPMorgan   Chase   Bank   National
     Association,
13
                    Defendant.
14

15          Pending before the Court are: (1) Defendant's Motion to Dismiss Plaintiff's First

16   Amended Complaint ("Motion to Dismiss"), (Doc. 19); (2) Plaintiff's Response to

17   Defendant's Motion to Dismiss ("Response"), (Doc. 22); and (3) Defendant's Reply in

18   Support of Defendant's Motion to Dismiss ("Reply"), (Doc. 23).

19   **I.    Background**

20          The Court assumes the facts alleged in the First Amended Complaint ("FAC"),

21   (Doc. 16), are true for purposes of deciding the pending Motion to Dismiss. *See Shwarz*

22   *v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). For an unspecified amount of time,

23   Defendant held a promissory note, the repayment of which was secured by a Deed of

24   Trust recorded against Plaintiff Joseph Palmisano's Gilbert, Arizona property.

25   (FAC at ¶ 5). Around June 28, 2013, Plaintiff attempted to sell the property to a

26   third-party for $850,000.00. [1] (*Id.* at ¶ 6; *see also* Doc. 22 at 1) ("Palmisano . . . attempted

27   ────────────────

28          [1] Plaintiff's FAC appears to have a typo stating that "Defendant and a third-party
     entered into a contract for the sale of the property," (*see* FAC at ¶ 6), however the
     remainder of the record indicates Plaintiff attempted to sell the property, (*see Id.* at ¶ 29;

to sell his residence."). Plaintiff requested a payoff demand statement to Jason P. Sherman, counsel for Defendant in a Chapter 11 Bankruptcy Case in which Plaintiff was the debtor. (FAC at ¶¶ 7, 13). Plaintiff alleges that his attorney believed that he was ethically prohibited from issuing a payoff demand directly to Defendant. (*Id.* at ¶ 14). After at least four written requests to Mr. Sherman between July and August 2013, (*id.* at 19), Plaintiff never received a payoff demand statement, (*id.* at ¶ 12). Plaintiff was unable to sell the property until May 2016 for $720,000.00. (*Id.* at ¶ 15). As a result, Plaintiff alleges that he has suffered damages in the amount of $130,500.00. (*Id.* at ¶¶ 16, 25).

On November 2, 2016, Plaintiff filed his FAC alleging that Defendant violated Ariz. Rev. Stat. Ann. § 33-715(A) and 15 U.S.C. § 1639g by not delivering a timely payoff demand statement and further asserting claims of negligence and negligence *per se* against Defendant for violating the state and federal statutes. (*Id.* at ¶¶ 17–36).

**II.    Motion to Dismiss**

Defendant moves to dismiss Plaintiff's FAC for failing to state a claim under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6) because Plaintiff failed to comply with the Arizona statute for requesting a payoff demand statement, Section 1639g took effect after the events occurred, and the negligence claims are untimely. (Doc. 19 at 1–5).

**A.    Legal Standard**

The Court may grant a motion to dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Federal Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the

Docs. 19 at 2–3; 22 at 1).

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint does not need detailed factual allegations, the pleader's obligation to provide grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Federal Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1202 at 94, 95 (3d ed. 2004)). Thus, Federal Rule 8's pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz*, 234 F.3d at 435. Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B.     Analysis

Defendant argues that the Court should grant Defendant's Motion to Dismiss because Plaintiff's "claims fail under the terms of the statutes themselves." (Doc. 19 at 1, 5). Specifically, Defendant contends that (1) the payoff demand was not filed with the branch as required under Ariz. Rev. Stat. Ann. § 33-715(G); (2) the payoff statement provision in 15 U.S.C. § 1639g took effect after the events giving rise to this case occurred; and (3) Plaintiff's negligence and negligence *per se* claims are untimely. (*Id.* at 3–5).

#### 1.     Ariz. Rev. Stat. Ann. § 33-715 Claim

Count One of the FAC asserts a violation of Ariz. Rev. Stat. Ann. § 33-715(A) by

Defendant for failing to produce a payoff demand statement in response to Plaintiff's requests. (FAC at ¶¶ 18, 22). The Arizona statute provides that "[o]n the written demand of an entitled person or that person's authorized agent, a secured lender shall prepare and deliver a payoff demand statement to the person who has requested it within fourteen days after receipt of the demand." Ariz. Rev. Stat. Ann. § 33-715(A) (2014). The statute requires that "[i]f the secured lender has more than one branch, office or other place of business, the payoff statement demand shall be made to the branch or office address provided in the payment billing notice or payment book." *Id.* at § 33-715(G). A lender who fails to the deliver the statement within fourteen days is liable "for all damages sustained for failure to deliver the statement" and "for five hundred dollars whether or not actual damages were sustained." *Id.* at § 33-715(F).

First, the Court must determine whether an Exhibit attached to the Response (the "Exhibit") can be considered in this Motion to Dismiss. (Doc. 22-1 at 2–5). The Exhibit contains emails between the parties' attorneys in the bankruptcy matter that discuss the status of the "payoff information." (*Id.*). Plaintiff relies on the Exhibit to argue that Plaintiff made an adequate payoff demand giving rise to this case. (Doc. 22 at 3–4 ("[Defendant's] Counsel received the request. Counsel conveyed it. Counsel confirmed that management was reviewing it, and that he anticipated a response soon. At no point did Chase or its counsel inform Palmisano that it could not accept his payoff request because it did not comply with the statute."); *see also* FAC at ¶¶ 19–22)). On a motion to dismiss for failure to state a claim, the scope of review is generally "limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003)). However, the Court may also consider any evidence upon which the complaint "necessarily relies." *Id.* (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). A complaint "necessarily relies" on evidence if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and

(3) no party questions the authenticity of the copy attached to the [Federal Rule] 12(b)(6) motion." *Id.*

Having reviewed the FAC and the Exhibit, (Doc. 22-1 at 2–5), the Court finds that the FAC "necessarily relies" on the Exhibit. First, the FAC explicitly refers to the Exhibit, asserting "Palmisano or his authorized agent, Brown, demanded, in writing, a written payoff demand statement multiple times in July and August of 2013." (FAC at ¶ 19). Second, the written payoff demands are central to Plaintiff's claim. The Arizona statute requires that once a payoff demand is issued, a lender has fourteen days to respond. Ariz. Rev. Stat. Ann. § 33-715(A). Plaintiff relies on the Exhibit to allege that Defendant received the payoff demand through counsel and asserts it proves adequate notice, such that Plaintiff is entitled to relief. (FAC at ¶¶ 19–22, 25). The case turns on whether the Exhibit suffices as a payoff demand under the Arizona statute. Without an adequate payoff demand, no Arizona claim would remain. Finally, neither party questions the authenticity of the Exhibit attached to the Response. Defendant's Reply does not admit that Defendant received the notice stating "Chase allegedly received the payoff statement request." (Doc. 23 at 4). However, Defendant does not question the authenticity of the emails that were sent between Plaintiff's counsel and Mr. Sherman. (Doc. 22-1 at 2–5). Accordingly, the FAC necessarily relies upon the Exhibit, and the Court will consider it. *See Kachlic v. Bursey & Assoc., P.C.*, CV-12-1111-PHX-JAT, 2013 WL 820375, at *3 n.3 (D. Ariz. Mar. 5, 2013) (considering a defendant's letter referred to in the complaint in adjudicating a Federal Rule 12(b)(6) motion to dismiss).

As noted above, the Arizona statute requires that the payoff statement demand be made to the branch or office address provided in the payment billing notice or payment book. Ariz. Rev. Stat. Ann. § 33-715(G). Plaintiff claims in his FAC that all demands for a payoff statement were sent from Plaintiff's authorized agent, James E. Brown, to Defendant's attorney in a bankruptcy action between the same parties, Mr. Sherman. (FAC at ¶¶ 7–14). Plaintiff claims his counsel was ethically prohibited from issuing the

demand directly to Defendant because of the pending bankruptcy action.[2] (*Id.* at ¶¶ 14, 20). Plaintiff asserts "there are no Arizona cases which have analyzed the issue of whether a payoff demand that was undisputedly received by a lender could be deemed invalid because it was sent to the wrong address." (Doc. 22 at 4). Plaintiff argues "it should be left for the jury to determine whether this hyper-technical reading of the statute should trump the parties' actions and, in reliance thereon, expectations." (*Id.*). Defendant replies that interpretation of law is a matter for the Court to decide. (Doc. 23 at 3).

Under Arizona common law, "interpretation of a statute is a question of law." *State ex rel. Thomas v. Ditsworth*, 166 P.3d 130, 132 (Ariz. Ct. App. 2017) (citing *State v. Wilson*, 26 P.3d 1161, 1164 (Ariz. Ct. App. 2001)). If "statutory language is clear and unambiguous, [courts] give effect to it and do not use other methods of statutory interpretation." *Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.*, 177 P.3d 867, 869 (Ariz. Ct. App. 2008) (citing *Fragoso v. Fell*, 111 P.3d 1027, 1030 (Ariz. Ct. App. 2005)). When "a statute details the method of giving notice, the requirements must be strictly followed." *Main I Ltd. P'ship v. Venture Capital Constr. & Dev. Corp.*, 741 P.2d 1234, 1236 (Ariz. Ct. App. 1987) (citing *Yuma Cty. v. Ariz. Edison Co.*, 180 P.2d 868, 870 (Ariz. 1947)). Thus, "[a]ny means of providing notice other than that prescribed is ineffective." *Id.* (citing *Hart v. Bayless Inst. & Trading Co.*, 346 P.2d 1101, 1108 (Ariz. 1959)).

Here, the Arizona statute is unambiguous requiring that the payoff statement demand shall be made to the specific branch or office address provided. *See Lewis v. JPMorgan Chase Bank, N.A.*, CV-12-8054-PCT-NVW, 2012 WL 2513530, at *1–2 (D. Ariz. June 29, 2012) (granting the plaintiff leave to amend to clarify her allegation

---

[2] Plaintiff alludes to Rule 4.2 of the Arizona Rules of Professional Conduct providing that a lawyer cannot communicate about the subject of the representation with the opposing party without consent of the other lawyer or authorization. Ariz. R. Prof'l Conduct 4.2. Although the Court questions Plaintiff's assertion that his counsel was ethically prohibited and, alternatively, whether Plaintiff could have sent the demand himself, the Court need not determine these issues.

that written demands for the payoff amount were made to the lender's branch at the address in the payment billing notice or payment book). Section 33-715 provides no exception allowing a payoff demand to be sent to the counsel of the lender. Although the Defendant does not refute the claim that the email was received, an email to counsel does not satisfy the plain text of the statute. Thus, Plaintiff must have sent the payoff demands to Defendant's particular branch or office and not to Defendant's counsel in an unrelated action. Because Plaintiff fails to allege that his payoff demand was in compliance with Section 33-715, the claim under the Arizona statute necessarily fails.

### 2. Truth in Lending Act Claim

Plaintiff asserts that Defendant violated 15 U.S.C. § 1639g by failing to provide a payoff statement within a reasonable amount of time. [3] The relevant portion of the Truth in Lending Act ("TILA") provides "a creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. § 1639g (2012 & Supp. 2017). Section 1639g became effective on January 10, 2014. *See Hittle v. Residential Funding Corp.*, 2:13-CV-353, 2014 WL 3845802, at *3 (S.D. Ohio Aug. 5, 2014). Both parties acknowledge that effective date, however Plaintiff argues that this claim is governed by the statute because damages accrued in 2016, when the property sold for a reduced price. (Doc. 22 at 3). In the FAC, the payoff demands Plaintiff references were sent in 2013 and the correspondence in question between parties' counsel took place in 2013. (FAC at ¶¶ 7–11, 19). The Supreme Court has established a presumption against retroactive application of legislation, which can only be overcome "where Congress expresses a clear and unambiguous intent to do so." *Talaie v. Wells Fargo Bank, NA*, 808 F.3d 410, 411–12 (9th Cir. 2015) (citing *Landgraf v. USI Film Prods.*,

---

[3] Although Plaintiff does not assert an independent 15 U.S.C. § 1639g claim in the FAC, Plaintiff's negligence *per se* claim in Count Three relies on a violation of the statute. (FAC at ¶ 32). Therefore, the Court considers an independent claim under Section 1639g.

511 U.S. 244, 265 (1994)).

Here, the Court finds nothing to suggest Congress intended for the statute to apply retroactively, and Plaintiff provides no justification for applying the law retroactively. Plaintiff only argues that the claim arose in 2016 when damages accrued as a result of the sale of the property. (Doc. 22 at 3). However, this interpretation is incorrect because the statute itself states that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2012 & Supp. 2017). Because the statute relies on the occurrence of the violation—and not damages—any claim would have arisen seven days after a payoff demand was made with no response from the lender. Assuming there was a violation by Defendant, the latest a violation could have occurred based on the FAC was in September 2013 (seven days after the latest payoff demand noted in the FAC). (FAC at ¶ 11). Therefore, the events giving rise to this claim took place in 2013 before the statute's effective date in 2014, and the Court will not apply the statute retroactively. Because the Court does not apply the statute retroactively, the TILA claim necessarily fails.

### 3. Negligence and Negligence Per Se Claims

Count Two of Plaintiff's FAC asserts a negligence claim, arguing that Defendant breached a duty to provide a payoff demand statement within fourteen days of the written request. (*Id.* at ¶ 28). Plaintiff provides no support in Arizona common law to establish this duty. The alleged duty appears to arise from the Arizona statute requirement in Section 33-715(A), which would be considered a negligence *per se* claim. Because the Court found that the Arizona statute violation claim fails, the negligence claim also fails.

Relatedly, Count Three raises negligence *per se* claims under both the Arizona statute and TILA. Plaintiff alleges that Defendant is liable for negligence *per se* based on violation of both Ariz. Rev. Stat. Ann. § 33-715 and 15 U.S.C. § 1639g. (*Id.* at ¶¶ 32–35). Because both claims related to statutory violations necessarily fail, the negligence *per se* claims that relate to violations of the statutes also fail.

Defendant argues that Plaintiff's negligence and negligence *per se* claims are

untimely. Because both claims related to statutory violations fail, the negligence and negligence *per se* claims also fail. Therefore, the Court need not analyze the untimeliness argument raised by Defendant.

**III.     Leave to Amend**

Having found that Plaintiff's FAC fails to state a claim, the Court must now consider whether to grant Plaintiff leave to amend. Plaintiff does not request leave to amend. Therefore, the Court will review leave to amend *sua sponte*. Plaintiff has amended the complaint once already as was his right. The first complaint was filed in September 2016. (Doc. 1). Plaintiff's FAC was filed in November 2016. (Doc. 16).

**A.     Legal Standard**

The Court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). This includes granting leave "*sua sponte*, when dismissing a case for failure to state a claim, unless the court determines that the pleading could not possibly be cured by the allegation of other facts." *Ewing v. Wells Fargo Bank*, No. CV 11-8194-PCT-JAT, 2012 WL 4514055, at *5 (D. Ariz. Oct. 2, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Federal Rule 15's policy regarding leave to amend "is to be applied with extreme liberality." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). In determining whether to allow leave to amend, a court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Futility alone is enough to deny a motion for leave to amend. *Id.* A proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The party opposing amendment bears the burden of proving futility. *Rodriguez v. City of Phx.*, N. CV 11-01992-PHX-JAT, 2014 WL 1053602, at *3 (D. Ariz. Mar. 19, 2014).

### B. Analysis

Having considered the claims alleged in Plaintiff's FAC, the Court concludes that it would be futile to permit amendment. First, Plaintiff acknowledges that the payoff demand was not conveyed correctly under the Arizona statute. (Doc. 22 at 3). Here, the failure to file the payoff demand in accordance with the statue cannot be corrected because the property was sold in May 2016. (FAC at ¶ 15). Plaintiff cannot go back in time and properly file the payoff demand with the correct branch. Further, Plaintiff cited no new dates or facts to suggest that the payoff demand was properly filed. The only justification for the incorrect filing was the ethical claim, but the Arizona statue provides no such alternative means of requesting a payoff statement. Therefore, it would be futile to allow an amendment on the state law claim. Next, the TILA claim cannot be amended to show the statute was effective before the events giving rise to this action took place. Both parties acknowledge the effective date of the statute, and neither party raises objections to the timeline alleged in the FAC. Plaintiff has not cited any dates in the record to suggest that an alleged violation took place after TILA's effective date. Plaintiff acknowledged that the alleged violations took place in 2013, (Doc. 22 at 2), while he argued damages in 2016 could delay his claim. Because the Court rejected this argument, Plaintiff cannot make a claim on a law that was not effective when the events took place. It would be futile to allow amendment for the TILA claim. All other legal arguments advanced by the Plaintiff have been rejected by this Court and additional facts could not save the theories. Because amendment would be futile, this Court will grant Defendant's Motion to Dismiss with prejudice and without leave to amend. *Lopez*, 203 F.3d at 1127 (stating that courts are not required to grant leave to amend if the complaint could not possibly be cured by allegation of other facts).

///

///

///

///

## IV.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint, (Doc. 19) is **GRANTED**. The Clerk of the Court shall, with prejudice, **DISMISS** this case in its entirety and enter judgment accordingly.

Dated this 12th day of July, 2017.

James A. Teilborg
Senior United States District Judge